# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br>Plaintiffs,<br>v.<br><br>POSITEC TOOL CORPORATION and POSITEC USA INC.,<br><br>Defendants. | Case No. 14-CV-1295-JPS |
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD.,<br><br>Plaintiffs,<br>v.<br><br>SNAP-ON INCORPORATED,<br><br>Defendant. | Case No. 14-CV-1296-JPS <br><br><br><br>**ORDER** |

In these two related patent infringement actions, Defendants seek leave to amend their answers to add defenses and counterclaims. Defendants Positec Tool Corporation and Positec USA Inc. (collectively, "Positec") seek to add allegations related to inequitable conduct by Plaintiffs with respect to the U.S. Patent and Trademark Office during the prosecution of the patents-in-suit. Defendant Snap-On Incorporated ("Snap-On") wants to join these allegations plus a defense of patent exhaustion based on third-party licenses. In two other related cases involving different defendants, Plaintiffs did not oppose similar requests

for amendment.[1] This time, however, they have changed their tune, and they now oppose Defendants' motions for leave to file amended answers. For the reasons stated below, the Court will grant Defendants' motions.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts should freely grant leave to amend a pleading where justice so requires. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, "[a]s a general rule, district courts should liberally grant leave to amend pleadings." *Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 854 (7th Cir. 2017). That said, courts enjoy discretion to deny such leave "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Plaintiffs urge the Court to deny the motions because Defendants' requests are untimely and futile. Neither contention has merit. First, Plaintiffs claim that Snap-On's motion was untimely even when it was first filed prior to the long stay in this matter. Snap-On originally filed this motion, in materially identical form, on September 25, 2015, after summary judgment briefing was complete. Plaintiffs assert that Snap-On knew of the facts underlying these proposed amendments since mid-2015 at the latest, so its pre-stay filings alone reflect dilatoriness worthy of denying its motion. As for Positec, Plaintiffs note that it never filed a pre-

---

[1] One of those cases, *Milwaukee Electric Tool Corporation v. Hilti, Inc.*, Case No. 14-cv-1288-JPS, was recently dismissed by stipulation of the parties. The other, *Milwaukee Electric Tool Corporation v. Chervon North America, Inc.*, Case No. 14-cv-1289-JPS, remains pending.

stay motion to amend their answer at all, making the present motion even less timely than Snap-On's. Plaintiffs also contend that Defendants' motions, which were filed in mid-April 2017, are untimely when considered against the expeditious progress of litigation since the Court lifted its stay in December 2016.

While the Court appreciates that these cases are beginning to enter their later stages, the delays Plaintiffs cite do not warrant denial of leave to amend. Only in especially egregious cases should delay, standing alone, require such a result. *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988); *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992). More often, an initial delay in seeking amendment justifies denial of leave where it would work prejudice against the other parties or cause unacceptable additional delay in the ultimate resolution of the case. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) ("The underlying concern is the prejudice to the [party] rather than simple passage of time.").

For instance, in the related case involving Defendant Chervon North America, Inc. ("Chervon"), Plaintiffs recently sought to join Chervon's foreign parent corporation. *Milwaukee Elec. Tool Corp. v. Chervon N. Am., Inc.*, Case No. 14-CV-1289-JPS, 2017 WL 1322183, at *2 (E.D. Wis. Apr. 10, 2017). The Court denied Plaintiffs leave to do so, observing that Plaintiffs not only knew from the very start of the litigation that Chervon's parent might be joined as a defendant, but also that joining a foreign defendant at this time would substantially delay discovery and trial. *Id.*

Such added delay was inconsistent with the Court's prerogative to move these now nearly three-year-old cases to a final resolution. *Id.*

By contrast, here Defendants' proposed amendments would not cause any disruption to the Court's schedule. In fact, because Chervon has already been granted leave to pursue a similar inequitable conduct defense, discovery on these matters is ongoing. Thus, this is not an eleventh-hour attempt to change the scope of the litigation or delay trial. *See Perrian*, 958 F.2d at 195. Instead, it is simply a matter of whether Snap-On and Positec are allowed to join in the discovery efforts on these issues. Allowing them to so participate will not force Plaintiffs to scramble to combat new allegations, since the inequitable conduct allegations are already being litigated by Chervon. *See Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1217 (E.D. Wis. 1993) ("The proscribed prejudice is that which 'outweighs the moving party's right to have the case decided on the merits.'") (quoting *Alberto–Culver Co. v. Gillette Co.*, 408 F. Supp. 1160, 1161–62 (N.D. Ill. 1976)).

Moreover, while Plaintiffs raise the specter that Snap-On's patent exhaustion defense, which Chervon has not raised, will require additional time and discovery, it does not offer sufficient details to permit the Court to draw such a conclusion. *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 352 (N.D. Ind. 2010) (rejecting conclusory assertions that opposing party will be prejudiced by a need for time-consuming new discovery). Nor can Plaintiffs credibly contest that they have known the factual bases for the patent exhaustion defense—whether or not they agree with them—since Snap-On filed first filed this motion in

September 2015. In this way, this case is different from *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 366 (D. Del. 2006), relied on by Plaintiffs, where the court refused the defendants leave to join entirely new factual claims to support novel defense theories. In sum, viewed in context, it does not appear that Defendants' attempt to join these defenses at this time bespeaks "carelessness or gamesmanship." *Feldman*, 850 F.2d at 1225; *see also Mulvania*, 850 F.3d at 855 (affirming district court's denial of leave to add a claim that was strategically delayed for years into the litigation). Accordingly, untimeliness is not an obstacle to their request.

Plaintiffs next argue that Snap-On's proposed patent exhaustion defense is futile.[2] Plaintiffs' complaint appears to be that Snap-On needed

---

[2] Plaintiffs complain that Defendants' proposed inequitable conduct defense is also without merit, but recognizing the lenient standard of review applicable here, *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & N.W. Ind.*, 786 F.3d 510, 517 (7th Cir. 2015), they devote only a footnote to the argument. In any event, such a challenge would not be successful. In connection with the inequitable conduct defense, Defendants assert that Gary Meyer, a named inventor of the patents-in-suit, made several misrepresentations and omissions in declarations submitted to the Patent Office which helped convince the patent examiner to issue the patents-in-suit. This included lying about the existence and capabilities of battery packs provided to him by a Canadian company, E-One Moli Energy (Canada) Ltd. ("Moli"), which Defendants assert rendered Plaintiffs' patents obvious. Without delving too deeply into the details of the allegations, which are nearly identical to those recently discussed in depth in an order in the Chervon case, *see Milwaukee Elec. Tool Corp. v. Chervon N. Am., Inc.*, Case No. 14-CV-1289-JPS, 2017 WL 2312905, at *1–2 (E.D. Wis. May 26, 2017), the Court finds that Defendants have pled with sufficient particularity those representations which they believe were fraudulent. *See* Fed. R. Civ. P. 9(b); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291–93 (Fed. Cir. 2011). Although the state of the record in the Chervon matter was insufficiently developed for the Court to find that fraud in fact occurred, *Chervon*, 2017 WL 2312905, at *3–5, in the present posture, there is certainly enough to these allegations to permit them to be pled and for discovery to proceed on them.

to plead more—or more credible—facts supporting its position, but the Court finds, accepting Snap-On's allegations as true for present purposes, that its proposed amendments contain sufficient factual matter to state a patent exhaustion defense.

The patent exhaustion doctrine provides that "the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). This defense requires that (1) the sale be authorized by the patent holder and (2) the product sold must embody essential features of the patented invention and must have as "their only reasonable and intended use. . .to practice the patent." *Id.* at 631, 636 (citing *United States v. Univis Lens Co.*, 316 U.S. 241, 249–51 (1942)). Snap-On says that Plaintiffs' rights under the patents-in-suit were exhausted as to certain accused products because the products' batteries were sold to them by Moli under a licensing agreement with Plaintiffs. Plaintiffs deny that such an agreement exists, arguing that the contract they have with Moli does not allow it to sell the patented inventions, only the lithium-ion cells which form a component part of the inventions. Moreover, Plaintiffs claim that Moli eventually assigned all of its rights in the patents-in-suit to Plaintiffs. Snap-On disagrees with Plaintiffs' characterization of the agreement and maintains that the contract at issue authorizes Moli to sell Plaintiffs' battery packs—not just the lithium-ion cells therein—notwithstanding the later assignment of rights, thereby raising a plausible inference of exhaustion.

On the facts as Snap-On pled them, the Court must agree. Whatever the merit of Plaintiffs' interpretation of its contract with Moli,

Snap-On's view is, at a minimum, plausible. This is enough to pass the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, when the Seventh Circuit affirms a decision to deny leave to amend on futility grounds it usually involves much more obvious pleading failures than any Snap-On may have committed. *See, e.g.*, *McCoy*, 760 F.3d at (noting obvious defects in certain proposed contract and prima-facie tort claims, like failure to allege any breach); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 870 (7th Cir. 2013) (proposed fraud claim was futile because, despite having the benefit of substantial discovery, the plaintiffs could not identify with sufficient particularity the substance of the purported misrepresentations). Thus, the Court concludes that Defendants offer non-futile defenses and counterclaims that are not so untimely as to justify denial of leave to join them in these suits. As a result, the Court will grant Defendants leave to amend their answers.

Accordingly,

**IT IS ORDERED** that the following motions for leave to file amended answers be and the same are hereby **GRANTED**:

(1)  14-cv-1295, Docket #125; and

(2)  14-cv-1296, Docket #135; and

**IT IS FURTHER ORDERED** that that the following motions for leave to file under seal the specified briefs and other documents in connection with these motions be and the same are hereby **GRANTED**:

(1)  14-cv-1295, Docket #126, #134, and #139; and

(2)  14-cv-1296, Docket #136, #141, and #144.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge