**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SNAP-ON, INCORPORATED, <br><br> Defendant. | Case No.: 2:14-cv-01296-JPS |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE OPINIONS AND TESTIMONY OF DEFENDANT'S EXPERT MARK LEHNERT UNDER *DAUBERT*, FEDERAL RULE OF EVIDENCE 702, AND FEDERAL RULE OF CIVIL PROCEDURE 26**

## I. INTRODUCTION

Pursuant to the standards set forth in *Daubert v. Merrill Dow Pharmas, Inc.*, 509 U.S. 579 (1993), Federal Rule of Evidence 702, and Federal Rule of Civil Procedure 26, Plaintiffs hereby move to the Court to exclude in full the Rebuttal Report of Defendant's proffered expert Mark Lehnert, to exclude the factual narrative in Mr. Lehnert's Opening Report, and to limit Mr. Lehnert to testifying regarding solely the non-excluded content and opinions set for in his Opening and Rebuttal Reports at trial.

"Expert reports must include 'how' and 'why' the expert reached a particular result, not merely, the expert's conclusory opinions." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998). Yet, the Rebuttal Report of defendant Snap-on Incorporated's ("Snap-on") expert Mark Lehnert fails to include this requisite information. Instead of identifying the facts and data considered, Mr. Lehnert makes no reference to testing any Snap-on product or other power tool to support his opinions. To the contrary, in his Rebuttal Report Mr. Lehnert claimed solely to rely on his own experience, a couple

brochures, the patents-in-suit, technical specifications, and an expert report from Plaintiffs' expert Dr. Mark Ehsani. However, during his deposition Mr. Lehnert revealed that he actually relied on testing results from tests that others had performed years ago on power tools—testing results he admits were never disclosed in his Rebuttal Report.

Permitting Mr. Lehnert to offer non-infringement opinions pertaining to test results never disclosed to Plaintiffs would be improper and in direct contravention of Federal Rule of Civil Procedure 26. Moreover, absent disclosure of testing procedures and results, Mr. Lehnert's Rebuttal Report fails to comply with Federal Rule of Evidence 702. Accordingly, Plaintiffs move pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37 and Federal Rule of Evidence 702, to have the Court exclude Mr. Lehnert's Rebuttal Report and preclude Mr. Lehnert from offering opinions regarding the topics at issue in his Rebuttal Report at trial based on Defendant's prejudicial and inexcusable failure to comply with their expert disclosure obligations.

Additionally, Plaintiffs move to exclude both Mr. Lehnert's Opening Report and Rebuttal Report to that extent that these reports contain a factual narrative, which is inappropriate for expert testimony and/or opinion.

## II. RELEVANT BACKGROUND

Snap-on has identified Mark Lehnert as an expert witness in this matter. Mr. Lehnert is an independent consultant with experience in the tool industry. On July 18, 2017, Defendants served the Invalidity Expert Report of Mark Lehnert. *See* Ex. A (the

"Opening Report").[1]  On August 17, 2017, Defendants served the Rebuttal Report of Mark Lehnert.  *See* Ex. B (the "Rebuttal Report").

Both of Mr. Lehnert's Reports consist of extensive factual narrative.  *See generally* Exs. A & B.  Mr. Lehnert's Opening Report discusses types of power tools, the use of power tools, and the marketing of power tools.  *See* Ex. A §§ II, III, IV, VI, VII.  In his Rebuttal Report, Mr. Lehnert describes the operation of Snap-on's cordless power tools and opines that Snap-on's cordless power tools are incapable of drawing 20 Amp constant current for an excess of 4 minutes (and that even if they theoretically could, such theoretical use would be abnormal and unsafe).  *See* Ex. B ¶¶ 18-23.

Mr. Lehnert's Rebuttal Report does not disclose any method of testing or results from any testing procedures that he used to form the opinions expressed in his Rebuttal Report—a fact he admitted during his September 7, 2017 deposition in the instant matter.  *See* Ex. C (Excerpts from the Sept. 7, 2017 Deposition of Mark Lehnert) at 94:24-95:5 ("Q.  And as part of forming the opinions that you are offering in this [Rebuttal] [R]eport, you haven't described any of those test procedures or the results of those test procedures that you mentioned that you have done in your past life, correct?  A.  That's correct."); *id.* at 97:3-6.  Mr. Lehnert relies upon these undisclosed tests, however, as a basis for his ultimate opinions.  *See id.* at 96:2-11 (describing fact that his personal knowledge and experience with testing was relevant to opinions set forth in Rebuttal Report).

---

[1] Unless otherwise stated all "Ex. __" citations refer to the exhibits filed contemporaneously herewith.  The exhibits to the Opening and Rebuttal Reports are omitted unless otherwise stated.

### III. ARGUMENT

#### A. Mr. Lehnert's Rebuttal Report Does Not Satisfy the Rule 26 Disclosure Requirements and Should Thus Be Excluded.

The Federal Rules of Civil Procedure have established disclosure standards for expert reports. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring disclosure of, *inter alia*, "facts and data" considering in reaching opinion). Mr. Lehnert's Rebuttal Report falls far short of this standard because it neither properly discloses the basis and reasons for his conclusions nor identifies the data and information he considered in reaching his conclusions. Mr. Lehnert's deficient disclosure in his Rebuttal Report is not substantially justified or harmless, and, indeed, will prejudice Plaintiffs at the upcoming trial. Accordingly, Mr. Lehnert's Rebuttal Report and any testimony regarding the same should be excluded from trial.

##### 1. Legal Standards Governing Duty to Disclose and Sanctions for Failure to Disclose.

Federal Rule of Civil Procedure 26(a)(2)(B) requires the party seeking to introduce expert testimony at trial to disclose an expert report containing, among other things, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them" and "(ii) the data or other information considered by the witness in forming [his] opinions." An expert report "must not be sketchy, vague or preliminary in nature," *Salgado*, 150 F.3d at 742 n.6, and, thus, "compliance with the [expert report] requirements of Rule 26 is not merely aspirational," *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruling on other grounds recognized in Secs. & Exchange Comm'n v. Bankatlantic Bancorp, Inc.*, 661 F. App'x 629 (11th Cir. 2016). The reason for this is plain: "opposing counsel [should] not [be] forced to depose an expert in order to avoid an ambush at trial." *Salgado*, 150 F.3d at 742 n.6.

"Failure to comply with Rule 26(a)(2)'s requirements results in sanction: the offending party is not allowed to introduce the expert witness's testimony as 'evidence on a motion, at a hearing, or at a trial.'" *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008). This result is "automatic and mandatory;" non-compliance will only be excused in the rare circumstance where the offending party demonstrates that the failure was "either justified or harmless." *Id.*

### 2. Mr. Lehnert's Rebuttal Report Fails Satisfy the Mandatory Disclosure Requirements of Rule 26.

In his Rebuttal Report, Mr. Lehnert provides background information on Snap-on cordless power tools and then opines that none of these tools can produce a 20 Amp constant current for an excess of 4 minutes—a test designed to demonstrate compliance with the 20 Amp Limitation of the patents-in-suit.[2] *See* Ex. B § 3.[3] However, Mr. Lehnert fails to disclose the basis for his opinion regarding the purported inability of Snap-on hand-held power tools to satisfy the 20 Amp Limitation. Instead, he discusses the "typical" operation of Snap-on power tools and makes the illogical leap that operation at 20 Amps for 4 minutes would be impossible or, alternatively, if conceivably possible, an abnormal and likely unsafe use. *See id.* Notably absent in Mr. Lehnert's discussion of his opinions is citation to a single piece of evidence or disclosure of any testing performed on Snap-on or other power tools that would lead to Mr. Lehnert's opinions. *See id.* Thus, both the "how" and "why" underlying Mr. Lehnert's conclusions as well as the data and information relied upon are missing from his Rebuttal Report.

---

[2] The "20 Amp Limitation" refers to the following claim language: "the battery cells being capable of producing an average [battery pack] discharge current greater than or equal to approximately 20 amps." The bracketed language is language included in claim 1 of the '173 Patent, which does not appear in the claims of the '290 and '510 Patents.

[3] This opinion is also contrary to the Court's claim construction of the 20 Amp Limitation.

When asked at his deposition about the support for his ultimate opinions expressed in the Rebuttal Report, Mr. Lehnert described his "years" of testing experience with Snap-on and other power tools, which enabled him to gain insights into how these power tools operate. *See* Ex. C at 92:21-94:22. But, Mr. Lehnert admitted that in the Rebuttal Report he had not "described any of th[e] test procedures or the results of those test procedures." *See id.* at 94:24-95:5; *see also id.* at 96:12-97:6. Such information must be disclosed under Rule 26, and it is insufficient for Mr. Lehnert to rely on his years of experience in the industry as a basis for his opinion. *See Paramount Media Grp. v. Village of Bellwood*, No. 13 C 3994, 2015 WL 5307483, at *5 (N.D. Ill. Sept. 10, 2015) (excluding expert testimony based on expert's failure to comply with Rule 26 and emphasizing "it is not sufficient for the report (or plaintiff's objection, for that matter) to simply cite [expert]'s years of experience in the . . . industry and leave it at that").

### 3. Mr. Lehnert's Failure to Disclose Testing He Relied Upon Is Not Substantially Justified or Harmless.

Mr. Lehnert's failure to disclose testing performed to formulate and support his opinions is neither substantially justified nor harmless error. Mr. Lehnert's failure to disclose his testing methodology severely limited Plaintiffs' counsel's ability to adequately prepare for and depose Mr. Lehnert regarding his testing methodology. Given the fact that Plaintiffs' counsel did not even know testing and results formed the basis for Mr. Lehnert's Opinions, Plaintiffs' counsel was blind-sided by this information at the deposition, resulting in harm solely due to Mr. Lehnert's failure to comply with Rule 26. *See generally Olson v. Montana Rail Link, Inc.*, 227 F.R.D. 550, 552-53 (D. Montana 2005) (untimely disclosure of expert's opinions was not harmless where failure prevented

opposing counsel from fully preparing to depose expert). Indeed, to this day, Plaintiffs do not have the testing Mr. Lehnert relied upon.

Second, Mr. Lehnert's failure to disclose testing methodology is not substantially justified. There is simply no excuse for Snap-on's disregard of its obligations under the Federal Rules of Civil Procedure. *See generally United States of America v. Batchelor-Robjohns*, No. 03-20164-CIV, 2005 WL 1761429, at *3 (S.D. Fla. 2005) (where party is "unable to test the reliability of the valuation methods used or verify the accuracy of [the expert's] opinion without [the missing data] which formed the basis of [the expert's] calculations", it was clear that the failure to disclose the necessary information was "not harmless" within the meaning of Rule 37(c)(1).").

### B. Mr. Lehnert's Rebuttal Report Is Inadmissible and He Should Be Precluded from Testifying Regarding His Opinions Expressed Therein.

It is well established that expert testimony is only admissible to the extent it will be helpful to the trier of fact and is deemed to be reliable. Mr. Lehnert's Opinions in his Rebuttal Report are neither as they are not based on sound testing methodology or consistent with the Court's claim construction ruling.

#### 1. Legal Standard for Admissibility of Expert Opinion.

Federal Rule of Evidence 702 governs the admissibility of testimony by expert witnesses at trial. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Rule 702 requires district courts to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."  *Daubert*, 509 U.S. at 589.

District courts employ a two-step inquiry when determining whether expert testimony is admissible.  *Southwire Co. v. J.P. Morgan Chase & Co.*, 528 F. Supp. 2d 908, 926-27 (W.D. Wisc. 2007) (citing *United States v. Hall*, 165 F.3d 1095, 1101-02 (7th Cir. 1999)).  "First, the court examines the expert's testimony to determine whether it is reliable, that is, whether it is grounded in scientific evidence or in subjective belief or unsupported speculation."  *Southwire*, 528 F. Supp. 2d at 927.  "Second, the Court must determine whether the testimony will assist the trier of fact in understanding the evidence or determining a fact in issue."  *Id.*; *see also Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893-94 (7th Cir. 2011).

The Seventh Circuit has held that an expert who offers only conclusory assertions without an explanation as to how that expert come to those conclusions is unreliable and inadmissible under *Daubert*.  *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 652, 658 (7th Cir. 1998) ("We have said before, and reiterate, that an expert who supplies nothing but a bottom line supplies nothing of value to the judicial process.") (internal quotation marks omitted).  An expert cannot demonstrate opinions are reliable and supported merely by putting an "expert" gloss on conclusory assertions.  *See Zenith Elecs. Co. v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 418 (7th Cir. 2005).

### 2. Mr. Lehnert's Rebuttal Report Fails to Satisfy the Requirements of Rule 702 and *Daubert*.

The Court should exclude Mr. Lehnert's opinions as expressed in his Rebuttal Report and preclude Mr. Lehnert from providing testimony regarding the same for two reasons.

First, as set forth above, Mr. Lehnert fails to disclose the testing and results that form the basis of his opinion. In addition to warranting preclusion under Rule 26, this lack of disclosure also violates *Daubert*/Rule 702. Absent underlying testing data, Mr. Lehnert's conclusions are merely unsupported speculation, which are inherently unreliable. Mr. Lehnert opines on how the Snap-on power tools operate, yet admits that he never tested the infringing packs at issue. *See* Ex. C at 89:1-24. Mr. Lehnert's failure to perform the requisite constant current test adopted by the Court as the test for assessing compliance with the 20 Amp Limitation precludes Mr. Lehnert from offering any testimony regarding non-infringement, or the capability of the infringing battery packs. *See* D.E.[4] 232 (Order) at 16-17 (holding that the proper test for assessing compliance with the 20 Amp Limitation is the constant current test).

Second, Mr. Lehnert's Rebuttal Report will not be helpful to the trier of fact because it does not relate to the claims of the patents-in-suit. Indeed, Mr. Lehnert's Rebuttal Report consists of opinions regarding the "typical" operation of Snap-on tools— *i.e.*, that the Snap-on tools are "typically operated in an intermittent manner." *See* Ex. B § III. However, the Court construed the 20 Amp Limitation as depending on delivery of a constant current over entire rated capacity. *See* D.E. 232 (Order) at 14-27 (adopting Plaintiffs' proposed construction for the 20 Amp Limitation: "the battery cells, when

---

[4] All "D.E." citations refer to the docket in the instant action.

9

Case 2:14-cv-01296-JPS   Filed 10/02/17   Page 9 of 14   Document 235

configured together in a battery pack, are capable of producing reasonably close to 20 amps of discharge current or greater over the course of delivering their entire rated capacity"). Mr. Lehnert's opinions regarding the "typical" and "normal" operation of Snap-on tools are wholly divorced from and ignore this construction and are, in fact, an undisguised effort to inject Snap-on's rejected claim construction into the case. This would result in juror confusion because the Court has already held the "typical" operation of a Snap-on tool is irrelevant to an infringement analysis. *See* D.E. 232 (Order) at 18 ("There is no question that, putting aside matters of practicality, a person of ordinary skill in the art would comprehend the meaning of the 20 Amp Limitation [because] [s]uch a person would understand the limitation describes the capability, not the potential real-world use, of the invention."); *id*. at 26 (emphasizing that "Snap-on's concerns with how long the battery is used or its specific application are unavailing"). Thus, Mr. Lehnert's irrelevant opinions should be excluded.[5] *See generally Kraft Food Grps. Brands LLC v. TC Heartland, LLC*, 232 F. Supp. 3d 632, 635 (D. Del. 2017) (granting motion to strike expert testimony regarding infringement "[b]ecause expert testimony that is inconsistent with the Court's claim construction is unreliable and unhelpful to the finder of fact"); *Insight Tech., Inc. v. SureFire, LLC*, Civil No. 04–cv–74–JD, 2009 WL 3242557, at *1-2 (D.N.H. 2009) (granting patentee's motion *in limine* to preclude accused infringer from eliciting or proffering testimony regarding a certain non-infringement theory since the theory was contrary to the court's claim construction).

---

[5] Aside from improper factual narrative and background qualification information, the sole opinions offered in Mr. Lehnert's Rebuttal Report pertain to the "typical" operation of the Snap-on tools. As such, the Court should exclude Mr. Lehnert's Rebuttal Report in its entirety and preclude Mr. Lehnert from testifying regarding the contents thereof.

### C. Mr. Lehnert's Factual Narrative Should Be Excluded as Unhelpful to the Trier of Fact.

"Expert" testimony regarding factual background is improper. Accordingly, Mr. Lehnert's Opening and Rebuttal Reports should be excluded to the extent they consist of improper factual narrative and Mr. Lehnert should be precluded from offering factual narrative at trial.

#### 1. Expert Factual Narrative is Prohibited.

It is well-established that expert testimony should be excluded where an expert merely provides "a narrative of the case, which a juror is equally capable of constructing" from documentary and lay witness testimony. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004); *Baldonado v. Wyeth*, No. 04 C 4312, 2012 WL 1802066, at *4 (N.D. Ill. May 17, 2012) (rejecting summary testimony of a factual nature from expert and collecting cases regarding same); *see also Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 187 (S.D.N.Y. 2008) (precluding expert from "offering a recitation of the facts" because "an expert's factual narrative is unnecessary"). Indeed, permitting expert gloss on a factual recitation, vitiates the very purpose of *Daubert*—to ensure that testimony will be reliable and helpful to the jurors—and violates Rule 702's requirement that the evidence presented assist the trier of fact. *See Kia v. Imaging Sci. Int'l*, Civil Action No. 08–5611, 2010 WL 3431745, at *5 (E.D. Pa. 2010) (improper to "filter fact evidence and testimony through [its] expert merely to lend credence to the same" or to use an expert to "repeat or summarize what the jury independently has the ability to understand").

### 2. Mr. Lehnert's Factual Narrative Regarding Snap-on Tools Should Be Excluded.

Mr. Lehnert's Rebuttal Report consists largely of a recitation of Snap-on's power tools, capabilities, and marketing. *See* Ex. B ¶ 11 (describing what an impact wrench is, where it is sold, and what is does); ¶¶ 13-14 (describing same with respect to cordless drills); ¶ 15 (same with respect to cordless ratchet); ¶ 16 (same with respect to reciprocating saw); ¶ 17 (describing marketing of other Snap-on products). Likewise, Mr. Lehnert's Opening Report consists largely of a recitation of the types of cordless power tools and industry uses for power tools. *See* Ex. A ¶¶ 15-19. Mr. Lehnert describes at length in his Opening Report the types of batteries used by power tools in the past, features of the cordless power tools, and how tools are commercialized. *See id.* ¶¶ 20-21, 27-29, 33-37. But, there is nothing "expert" about Mr. Lehnert's recitation of facts regarding power tools—no expert opinion is necessary on power tool history or marketing. As such, admission of these factual statements and permitting testimony regarding the same would only likely confuse the jury into putting undue emphasis on the facts because they came from the mouth of an expert witness. This is improper. *See generally Javier v. City of Milwaukee*, Case No. 07-C-204, 2010 WL 11492266, at *6 (E.D. Wisc. July 27, 2010) (excluding expert testimony that amounted to factual narrative that would create risk of unduly influencing jury).

### V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Exclude and exclude Mr. Lehnert's Rebuttal Report in full, strike the factual narrative in Mr. Lehnert's Opening Report, preclude Mr. Lehnert from testifying regarding

these topics at trial, and limit Mr. Lehnert's testimony to the opinions and evidence set forth in the non-excluded portions (if any) of his Opening and Rebuttal Reports.

Dated: October 2, 2017

Respectfully submitted,

*/s/ James N. Law*
Scott W. Hansen
shansen@reinhartlaw.com
David Hanson
dhanson@reinhartlaw.com
Paul Stockhausen
pstockhausen@reinhartlaw.com
Jessica H. Polakowski
jpolakowski@reinhartlaw.com
James N. Law
jlaw@reinhartlaw.com
Monica A. Mark
mmark@reinhartlaw.com
REINHART BOERNER VAN DEUREN, S.C.
1000 N. Water Street, Suite 1700
Milwaukee, WI 53202
Phone: (414) 298-1000
Fax: (414) 298-8097

Jason C. White
Illinois Bar No. 6238352
jwhite@morganlewis.com
Scott D. Sherwin
scott.sherwin@morganlewis.com
Sanjay Murthy
smurthy@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, Illinois 60601
Phone: (312) 324-1775
Fax: (312) 324-1001

*Attorneys for Plaintiffs Milwaukee Electric Tool Corporation; Metco Battery Technologies, LLC; AC (Macao Commercial Offshore) Limited; and Techtronic Industries Co. Ltd.*