UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILWAUKEE ELECTRIC TOOL
CORPORATION, et al.,

                Plaintiffs,

            v.                              Case No. 2:14-cv-01296-JPS

SNAP-ON INCORPORATED.,

                Defendants.

## DECLARATION OF JESSICA HUTSON POLAKOWSKI

I, Jessica Hutson Polakowski, certify as follows:

1. I am an adult resident of the State of Wisconsin, and an attorney with the law firm Reinhart Boerner Van Deuren s.c. I am one of the attorneys representing Plaintiffs in the above-captioned matter.

2. In a letter dated February 27, 2017 (a true and correct copy of which is attached hereto as Exhibit 1), counsel for Snap-on requested that Plaintiffs produce the test data on which Plaintiffs intended to rely. Plaintiffs' expert report disclosure deadline was July 18, 2017.

3. On March 27, 2017, Snap-on specifically requested that Plaintiffs' produce the test data generated during Dr. Ehsani's testing. A true and correct copy of Snap-on's March 27 letter was attached to the Declaration of Mr. O'Neill at Dkt. No. 245-8.

4. On May 26 and May 31, 2017, Plaintiffs produced the test data generated during Dr. Ehsani's May and August, 2015 testing, in both pdf and native format (METCO0514637-0528685). The file names of the test data files were produced to Snap-on in the same manner that they were transmitted to Dr. Ehsani.

5. The file containing the test data generated during Dr. Ehsani's 20 amp constant current discharge run on the CTB8172 (Gold 21) and CTB7172 (Gold 22) bore the file name p21_p22_20A CC discharge.ASC. A true and correct copy of this test data is attached hereto as Ex. 2.

6. These May productions included not only the test files specific to Snap-on, but also all Dr. Ehsani's test data files containing his testing of all the various packs he had tested.

7. The original testing data files produced to Snap-on still reside on the original testing equipment and I have confirmed that the files produced to Snap-on and the original files are identical.

8. The test data files were produced to Snap-on in native format with the filenames described by Dr. Ehsani intact.

9. On May 30, 2017, and again on June 2, 2017, Snap-on complained that it could not understand which testing data Plaintiffs produced went with which packs that were tested. *See* O'Neill Decl. Ex. I, Dkt. No. 245-9, pp. 2, 4.

10. During a meet and confer on this topic, Snap-on's counsel requested that Plaintiffs' counsel create a cross-reference to assist Snap-on's counsel in interpreting the data.

11. On June 9, 2017, Plaintiffs provided a cross-reference document created solely for the purpose of helping Snap-on's attorneys decipher the raw data files. *See* O'Neill Decl. Exs. K-L, Dkt. Nos. 245-11, 245-12.

12. The attorney-created correlation sheet (Dkt. No. 245-12) was not shown to or relied upon by Dr. Ehsani, but was created at Snap-on's express request and provided to Snap-on as a courtesy rather than forcing Snap-on to decipher the data based purely on a close evaluation

2

Case 2:14-cv-01296-JPS    Filed 10/05/17    Page 2 of 4    Document 254

of many hundreds of pages of dense data well prior to receiving Dr. Ehasni's damage report that would explain how the test results related to the specific packs tested.

13. For the supplemental testing performed in September 2017 and disclosed in Dr. Ehsani's Supplemental Report, the test data files were named with the serial numbers of the tested packs to provide the link between the packs and the data files. Once again, these data files, showing the pack serial numbers were disclosed to Snap-on.

14. Dr. Ehsani had with him at his deposition summaries of each and every test, with labels on each data file indicating which pack each test related to.

15. Attached hereto as Exhibit 3 is a true and correct copy of DASYLab testing data dated May 15, 2015 that was marked as Exhibit 411 at Dr. Ehsani's deposition dated September 29, 2017. This exhibit was shown to Dr. Ehsani at his deposition, and counsel for Snap-on refused to provide the file name of this exhibit to Dr. Ehsani. The file name was in Snap-on's possession.

16. Attached hereto as Exhibit 4 is a true and correct copy of DASYLab testing data dated May 14, 2015 that was marked as Exhibit 412 at Dr. Ehsani's deposition dated September 29, 2017. This exhibit was shown to Dr. Ehsani at his deposition, and counsel for Snap-on refused to provide the file name of this exhibit to Dr. Ehsani. The file name was in Snap-on's possession.

17. Attached hereto as Exhibit 5 is a true and correct copy of DASYLab testing data dated August 21, 2015 that was marked as Exhibit 413 at Dr. Ehsani's deposition dated September 29, 2017. This exhibit was shown to Dr. Ehsani at his deposition, and counsel for Snap-on refused to provide the file name of this exhibit to Dr. Ehsani. The file name was in Snap-on's possession.

18. Attached hereto as Exhibit 6 is a true and correct copy of DASYLab testing data dated August 20, 2015 that was marked as Exhibit 414 at Dr. Ehsani's deposition dated September 29, 2017. This exhibit was shown to Dr. Ehsani at his deposition, and counsel for Snap-on refused to provide the file name of this exhibit to Dr. Ehsani. The file name was in Snap-on's possession.

19. Attached hereto as Exhibit 7 is a true and correct copy of DASYLab testing data dated September 8, 2017 that was marked as Exhibit 415 at Dr. Ehsani's deposition dated September 29, 2017. This exhibit was shown to Dr. Ehsani at his deposition, and counsel for Snap-on refused to provide the file name of this exhibit to Dr. Ehsani. The file name was in Snap-on's possession.

20. On September 6, 2017, Snap-on's counsel asked Plaintiffs to provide "more documents or sources of information relating to the Ehsani testing and who attended when the tests were performed." Plaintiffs' counsel responded, indicating that Plaintiffs would provide a supplemental report from Dr. Ehsani. A true and correct copy of this email correspondence is attached hereto as Exhibit 8.

21. Attached hereto as Exhibit 9 is a true and correct copy of the Declaration of Gary Meyer dated February 28, 2007.

22. Attached hereto as Exhibit 10 is a true and correct copy of the Declaration of David Selby dated April 13, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of October, 2017.

s/*Jessica Hutson Polakowski*
Jessica Hutson Polakowski