UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILWAUKEE ELECTRIC TOOL
CORPORATION, et al.,

          Plaintiffs,

          v.                              Case No. 2:14-CV-01296-JPS

SNAP-ON INCORPORATED,

          Defendant.

## MOTION FOR CLARIFICATION REGARDING COURT'S
## ORDER ON MOTIONS IN LIMINE

Plaintiffs respectfully request clarification on one aspect of the Court's Order of October 12, 2017 on the parties' selected motions in limine. Specifically, in ruling on Plaintiffs' motion in limine No. 1 (ECF No. 238) and Defendant's motion in limine No. 1 (ECF No. 242), the Court "broadly exclude[d] evidence related to the IPR proceedings and reexaminations," subject to the "only caveat … that to the extent an examiner on reexamination looked at the same prior art being raised here, it is relevant that the examiner did not invalidate the patent on that ground." (ECF No. 277, at 15.) The Court also held that "[t]he parties may … use as evidence statements made or evidence proffered during the [post-issuance proceedings] so long as this is done without referencing either the [proceedings] or the outcomes." (*Id.* (quoting *Personalized User Model, L.L.P. v. Google Inc.*, C.A. No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014)).)

Plaintiffs understand the Court's ruling as it pertains to referencing the IPR proceedings and reexamination proceedings for purposes related to "opposing Snap-On's invalidity contentions" and "showing that Snap-On is rehashing lost arguments." (ECF No. 277, at 11.)

However, Plaintiffs also sought leave to reference the reexamination proceeding in another, very specific, context. As discussed in Plaintiffs' motion in limine No. 1 (ECF No. 238, at 6-7), reference to the reexamination proceeding is necessary to combat the damages opinion of Defendant's damages expert, Dr. Becker. Dr. Becker's damages opinion turns exclusively on the license and settlement agreement between Plaintiffs and Hitachi, but Dr. Becker fails to account for the circumstances under which that agreement was made:

> [Dr. Becker relies on the Hitachi agreement] without mentioning that the Hitachi agreement was made at a time when all of the claims had been rejected by the examiner. As a result, the value of the patents-in-suit was in question. After the claims were found valid in the reexaminations and the IPRs, the value dramatically increased. Indeed, Milwaukee's damages expert, Dr. Malackowski, stated that the status of the reexaminations is 'critical to understanding that agreement' and renders the Hitachi agreement inappropriate as a comparable license under the market approach.

(ECF No. 238, at 7.) In fact, Mr. Malackowski opined during his deposition that the status of the reexamination alone was a critical factor in establishing that the Hitachi agreement was not the appropriate basis for a damages opinion. (Declaration of Paul Stockhausen ("Stockhausen Decl.") Ex. B (Malackowski Dep. 17:19-18:3; 99:3-8; 118:18-119:1).)

Plaintiffs intend to elicit testimony of fact witnesses involved in the negotiation of the Hitachi agreement regarding the context in which that agreement was negotiated including particularly the context of the reexamination at the time it was agreed. Likewise, the Hitachi agreement itself references the reexamination proceeding, and one of the non-cash elements of value Plaintiffs received in the Hitachi agreement was Hitachi's obligation not to participate further in the reexamination proceeding. (*See*, *e.g.*, Stockhausen Decl. Ex. A, ¶ 10.) The Hitachi agreement cannot be discussed or explained reasonably without the context of the status of the reexamination at the time the agreement was negotiated and signed; omitting that crucial context

will undermine the jury's ability to understand the Hitachi agreement and artificially skew the valuation of the deal.

The Court's ruling does not expressly address Plaintiffs' request to refer to the reexamination proceedings for this specific, limited purpose. However, Plaintiffs respectfully submit that the concerns underlying the Court's ruling on the use of the IPRs do not require the exclusion of testimony establishing the existence and status of the reexamination at the time of the Hitachi negotiation, as well as argument that that context weakens Dr. Becker's analysis of damages and renders his conclusions unreliable.

The Court first found that evidence of the IPRs would only be relevant "for the broad notion that the patents are resilient." (ECF No. 277, at 12.) However, as discussed above, fact testimony as to the existence of the reexamination at the time of the Hitachi settlement is relevant to Mr. Malackowski's damages analysis and forms part of the core of Plaintiffs' arguments as to why the jury should give Dr. Becker's analysis minimal weight. The Court also found that admitting evidence of the IPRs would create the potential for wasted "time and resources explaining and perhaps re-arguing the IPR proceedings." (*Id.* at 13.) But there will be no need to explain the IPRs at all, or to delve deeply into the nuances of the reexamination proceedings in light of the limited purpose for which Plaintiffs propose to use them, and Plaintiffs affirmatively state that they will not attempt to reargue the merits of the reexaminations in the course of explaining the factual basis for Mr. Malackowski's damages analysis and opinions.

Moreover, information regarding the existence and status of the reexamination proceeding need not be admissible to be properly relied upon by an expert witness such as Mr. Malackowski in forming his opinions. Fed. R. Evid. 703. Mr. Malackowski was aware of the context of the reexamination on the value and nature of the Hitachi agreement in forming his

opinions in this case, and that context was a material basis for a portion of his opinions regarding the Hitachi agreement and its role as a comparable for determining damages in this case. (Stockhausen Decl. Ex. B (Malackowski Dep. 17:19-18:3; 99:3-8; 118:18-119:1).) Excluding discussion of this context now would prevent Mr. Malackowski from responding properly and fully to Dr. Becker's analysis. This is particularly critical because Dr. Becker relies entirely on the Hitachi agreement as a comparable for determining damages in the hypothetical negotiation but ignores the context of the reexamination in doing so. The law requires that the hypothetical negotiation include the assumption that the parties to the negotiation understand the patent to be valid. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) ("The hypothetical negotiation tries, as best as possible, to recreate the *ex ante* licensing negotiation scenario and to describe the resulting agreement. … The hypothetical negotiation also *assumes that the asserted patent claims are valid* and infringed.") (emphasis added). But the parties to the Hitachi agreement at the time it was signed knew that the all the claims of the patents in suit had been rejected as invalid in a final office action in the reexamination proceeding. That context is critical for understanding its value as a comparable in this case.

Accordingly, Plaintiffs respectfully request clarification as to the Court's ruling with respect to the parties' respective motions in limine No. 1. Specifically, Plaintiffs ask the Court to clarify that during trial, they are not precluded from eliciting testimony or making argument regarding the context, details, and negotiation of their settlement and license agreements[1] just because that may include reference to the status of the reexamination proceedings at the time of such agreements, provided that any reference to the existence or status of the reexamination proceedings is solely for the limited purpose of discussing the terms and context of such

---

[1] Mentions of the reexamination proceedings are not limited to the Hitachi agreement. For example, the reexamination proceedings are explicitly mentioned in the agreement with Stanley Black & Decker as well.

agreements (including the state of mind of the parties during their negotiation) and, by extension, supporting the damages analysis of Mr. Malackowski.

Dated this 12th day of October, 2017.
            s/ *Monica A. Mark*
            Scott W. Hansen
            shansen@reinhartlaw.com
            Paul Stockhausen
            pstockhausen@reinhartlaw.com
            Jessica H. Polakowski
            jpolakowski@reinhartlaw.com
            James N. Law
            jlaw@reinhartlaw.com
            Monica A. Mark
            mmark@reinhartlaw.com
            Reinhart Boerner Van Deuren, S.C.
            1000 North Water Street, Suite 1700
            Milwaukee, WI 53202
            Phone: (414) 298-1000
            Fax: (414) 298-8097

            Jason C. White
            Illinois Bar No. 6238352
            jwhite@morganlewis.com
            Scott D. Sherwin
            Illinois Bar No. 6293788
            ssherwin@morganlewis.com
            MORGAN, LEWIS & BOCKIUS LLP
            77 West Wacker Drive
            Chicago, IL 60601
            Phone: (312) 324-1775
            Fax: (312) 324-1001

            *Attorneys for Plaintiffs Milwaukee Electric Tool Corporation; Metco Battery Technologies, LLC; AC (Macao Commercial Offshore) Limited; and Techtronic Industries Co. Ltd.*