# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MILWAUKEE ELECTRIC TOOL
CORPORATION, METCO BATTERY
TECHNOLOGIES LLC, AC (MACAO
COMMERCIAL OFFSHORE) LIMITED,
and TECHTRONIC INDUSTRIES CO.
LTD.,

                      Plaintiffs,

v.

SNAP-ON INCORPORATED,

                      Defendant.

Case No. 14-CV-1296-JPS

**ORDER**

      On January 10, 2018, Defendant Snap-On Incorporated ("Snap-On") filed a motion to stay execution on the judgment entered against it on January 5, 2018. (Motion, Docket #375; Judgment, Docket #374; Amended Judgment, Docket #383). Federal Rule of Civil Procedure 62 governs this request. It provides that an appealing party may obtain a stay of execution on a judgment if they post a supersedeas bond. Fed. R. Civ. P. 62(d). Here, that would be the $30,853,262.00 awarded to Plaintiffs in the judgment. *See Olcott v. Del. Flood Co.*, 76 F.3d 1538 (10th Cir. 1996) (supersedeas bond typically matches the amount of the judgment, though district courts have discretion to set the amount of the bond).

      Snap-On does not want to post the supersedeas bond and moves the Court to waive the bond requirement. The Court has the discretion to do so. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *Lightfoot v.*

*Walker*, 797 F.2d 505, 506 (7th Cir. 1986). In considering the request, the Court may look to several criteria:

> (1) the complexity of the collection process;
>
> (2) the amount of time required to obtain a judgment after it is affirmed on appeal;
>
> (3) the degree of confidence that the district court has in the availability of funds to pay the judgment. . .;
>
> (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money. . .; and
>
> (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position[.]

*Dillon*, 866 F.2d at 904–05 (citations and quotations omitted).

Snap-On's argument, in essence, is that it is good for the money if its forthcoming appeal should be unsuccessful. It submitted evidence showing that it has hundreds of millions of dollars in yearly revenues and nearly a billion dollars in credit from which it can draw funds. Because the $30 million judgment would be easy for Snap-On to pay, it reasons that a bond does not make sense in this case.

The Court appreciates that Snap-On is a large, successful company. But it nevertheless will decline the invitation to waive the bond requirement. In today's world, financial health is always a fickle prospect. Depending on the length of the appeal, Snap-On's financial position could change. Snap-On has not offered any alternative form of security to address that possibility. *See N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (appellant agreed to submit periodic financial reports to district court regarding its finances). As the Seventh Circuit noted a few years before *Dillon*, "[t]he philosophy underlying Rule 62(d) is that a

plaintiff who has won in the trial court should not be put to the expense of defending h[er] judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed[.]" *Lightfoot*, 797 F.2d at 506–07. Moreover, Snap-On does not attest that it is holding the necessary funds aside for prompt satisfaction of the judgment, as occurred in *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 159 F.R.D. 508, 512–13 (E.D. Wis. 1994).

Posting a supersedeas bond is the norm to avoid execution of a judgment during an appeal. *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *see also N. Ind. Pub. Serv. Co.*, 799 F.2d at 281 ("The rule requires [the appellate] to post a bond if he wants an automatic stay, but not if he is content to throw himself on the district judge's discretion."). To obtain a waiver of this "important safeguard," Snap-On needed to convince the Court that this case is different. *See Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J., concurring). It has failed to do so. Regardless of Snap-On's presently robust financial resources, the Court is not satisfied that the remaining *Dillon* factors, most of which Snap-On ignores, weigh in favor of waiving the bond in this case. *See Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (finding that appellant did not meet its burden under *Dillon* when it addressed only its ability to pay and neglected the other factors). The motion will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Defendant Snap-On Incorporated's motion for a stay of execution on the Court's January 5, 2018 judgment and to waive supersedeas bond (Docket #375) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge